IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 4:23-CR-00276-BSM-30
                                  )
CHAZZ EUGENE DAVIS                )

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SEVER

The United States of America, by and through its attorney, Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Amanda Fields, Assistant United States Attorneys for said district, for its response to Chazz Eugene Davis's motion to sever (Docket no. 737), respectfully states as follows and requests that the motion be denied.

On July 2, 2024, Davis, and thirty-four other individuals were charged in a 15 count Superseding Indictment with various offenses. Davis was charged in Count One with conspiracy to distribute and possess with intent to distribute oxycodone, hydrocodone, alprazolam, and other Schedule II, III, IV and V controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and (b)(1)(E).

Davis filed the instant motion to sever on July 1, 2025. In his motion, Davis alleges that "due to the volume of defendants," and the nature or quantity of the evidence against Davis, and because that evidence does not involve other co-defendants "to a large degree," severance is appropriate. (Docket no. 737). For the following reasons, the United States respectfully requests that Davis's motion to sever be denied.

Federal Rule of Criminal Procedure 8(b) permits joinder of defendants who are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Davis does not argue that joinder under Rule 8(b) was

1

improper. Instead, Davis presumably seeks severance pursuant to Federal Rule of Criminal Procedure 14(a), which states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Davis is charged with participating in a conspiracy. "'Ordinarily, indicted coconspirators should be tried together, especially where the proof of conspiracy overlaps.'" *United States v. Hawkins*, 796 F.3d 843, 861 (8th Cir. 2015) (quoting *United States v. Jarrett,* 684 F.3d 800, 804 (8th Cir. 2012)). "We have said many times that it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). *United States v. Drew,* 894 F.2d 965, 968 (8th Cir.1990). Severance is appropriate "only if there is a serious risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Lee*, 374 F.3d 637, 646 (8th Cir. 2004) (quoting *Zafiro v. United States,* 506 U.S. 534, 539 (1993)). A defendant seeking severance bears the burden of establishing prejudice. *See United States v. Garrett*, 648 F.3d 618, 626 (8th Cir. 2011). That burden may be met by showing that "(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Sanchez– Garcia,* 685 F.3d 745, 754 (8th Cir.2012) (quoting *United States v. Davis,* 534 F.3d 903, 916–17 (8th Cir. 2008)). Davis has failed to meet his burden, as he has not shown either that his defense is irreconcilable with any of the codefendants or that the jury would be unable to compartmentalize the evidence.

2

Davis argues that severance is necessary because he asserts the evidence the United States has against his codefendants is more voluminous than the evidence it has against him. At the outset, the United States disagrees with Davis's characterization of the evidence against him. However, such a claim is not sufficient to warrant severance. A court does not abuse its discretion by denying a motion to sever "when there is varying strength in the evidence against each defendant." *United States v. Lee*, 374 F.3d 637, 646 (8th Cir. 2004). A court is not required to grant severance simply because the evidence may be more damaging against one codefendant than it is against another. *See Frazier*, 280 F.3d at 844. In addition, a defendant is not entitled to severance just because he might have a better chance of an acquittal at a separate trial. *Zafiro*, 506 U.S. at 540. Further, "[a]s a practical matter, disparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure such as a curative instruction." *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008). As is often done in multi-defendant trials, this Court could instruct jury to ensure that it would determine Davis's guilt or innocence based on the evidence that is admissible as to him.

WHEREFORE, the United States respectfully requests that Davis's motion to sever be denied.

<div style="margin-left:50%">

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

By: AMANDA FIELDS
Bar No. AR 2009078
Assistant United States Attorneys
425 W. Capitol Avenue, Suite 500
Little Rock, Arkansas 72201
(501) 340-2600
Amanda.Fields@usdoj.gov

</div>

3