PS 8
(Rev. 5/2024)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 09 2025

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

U.S.A. vs. Louis Johnson, III                    Docket No. 4:23CR00276-09 BSM

**Petition for Warrant or Summons for Person Under Pretrial Supervision**

**PETITIONING THE COURT**

☒      To Issue a Warrant and Seal this Petition Pending Execution (cc: U.S. Probation and U.S. Marshal only)

☐      To Issue a Summons

COMES NOW Jacob Womack, U.S. PROBATION OFFICER, presenting an official report upon the conduct of defendant Louis Johnson, who was placed under pretrial release supervision by the Honorable Patricia S. Harris sitting in the Court at Little Rock, Arkansas, on December 12, 2023, under the following conditions:

(1)     The defendant must not violate federal, state, or local law while on release.

(2)     The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)     The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)     The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

(5)     The defendant must sign an Appearance Bond, if ordered.

(6)     The defendant is placed in the custody of: Debra Johnson.

(7)     The defendant must:
(a) submit to supervision and report for supervision to the U.S. Pretrial Services Office, telephone number 501-604-5240, no later than as directed by the Pretrial Officer.
(b) continue or actively seek employment.
(d) surrender any passport.
(e) not obtain a passport or other international travel document.
(f) abide by the following restrictions on personal association, residence, or travel: limited to SDTX, may travel to EDAR for case related matters.
(g) avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including: co-defendants.
(k) not possess a firearm, destructive device, or other weapon.
(l) not use alcohol excessively.
(m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(n) submit to testing for a prohibited substance if required by the pretrial services office or the supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of any prohibited substance screening or testing.

(o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including any arrests, questioning, or traffic stops.

(t) maintain regular contact with his/her attorney, not less than every 2 weeks.

Jury trial is set for April 7, 2025, before the Honorable Brian S. Miller, U.S. District Judge.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Description of alleged violations:** On January 19, 2024, the defendant submitted a urine specimen which tested and confirmed positive for marijuana. An interpretation of results performed by Abbott Laboratories determined this to be new use, not residual elimination.

On July 10, 2024, the defendant was unsuccessfully discharged from outpatient substance abuse treatment due to non-attendance.

On July 23, 2024, the defendant submitted a urine specimen which tested and confirmed positive for the use of oxymorphone.

On November 7, 2024, the defendant submitted a urine specimen which tested and confirmed positive for the use of oxymorphone.

On November 6 and 18, 2024, the defendant failed to attend outpatient substance abuse treatment.

On December 12, 2024, the defendant failed to provide a urine specimen for testing and failed to attend outpatient substance abuse treatment.

On January 15, 2025, the defendant failed to report to his supervising officer as instructed.

On July 14, 2025, the defendant failed to provide urine specimens for testing.

On July 24, 2025, the defendant failed to provide urine specimens for testing and failed to attend outpatient substance abuse treatment.

On August 14 and September 8, 2025, the defendant failed to provide urine specimens for testing.

On July 24 and September 18, 2025, the defendant failed to provide urine specimens for testing and failed to attend outpatient substance abuse treatment.

On September 25, 2025, the defendant failed to attend outpatient substance abuse treatment and was unsuccessfully discharged from outpatient treatment services due to program noncompliance.

**Description of actions taken to address the defendant's conduct:** Mr. Johnson was verbally reprimanded for his noncompliance and reinstructed on the conditions of his release. He was afforded multiple opportunities to reschedule outpatient substance abuse treatment appointment, but he did not attend as required and was discharged from outpatient treatment services. The treatment provider believes all attempts to assist him have been exhausted. Attempts were made on September 10, 17, 24, and October 7, 2025, to contact Mr. Johnson as well as his mother, who is also his third party custodian. As of this report, all attempts have been unsuccessful.

A record request revealed no new arrests.

## OFFICER'S RECOMMENDATION:

Based on Mr. Johnson's continued drug use, technical noncompliance, and lack of response to pretrial services interventions, it is recommended that the U.S. Attorney's Office request a warrant and the defendant be brought before the court to show cause why the bond should not be revoked. If a warrant is issued, the U.S. Probation Office requests it be sealed for the safety of the U.S. Marshals Service and the U.S. Probation Office and copied only to those respective agencies pending warrant execution.

| | |
|---|---|
| **I declare under penalty of perjury that the foregoing is true and correct.** | The U.S. Attorney's Office submits this petition to be filed with Criminal Docketing as a motion. |

Jacob Womack
U.S. Probation Officer

Amanda Fields
Assistant U.S. Attorney

Executed on    October 8, 2025

Executed on  10 / 9 / 2025

Approved by:

Supervising U.S. Probation Officer

3